# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICOLE LANAE STEVENSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-10-1365-W |
| | ) |
| WARDEN JOE KEFFER, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently in custody at the Federal Medical Center (FMC) - Carswell in Fort Worth, Texas, and appearing pro se, has filed in this Court a petition for writ of habeas corpus by a person in federal custody. [Doc. No. 1.] The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons set forth herein, it is recommended that the petition be dismissed upon filing for lack of jurisdiction.[1]

**Background**

In 2007, pursuant to a plea agreement, Petitioner pled guilty to one count of fraud and related activity in connection with access devices, in violation of 18 U.S.C. § 1029(a)(2), and three counts of aggravated identify theft, in violation of 18 U.S.C. § 1028A(a)(1), in the United States District Court for the Western District of Oklahoma. *United States v.*

---

[1] Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

*Stevenson*, Case No. CR-07-240-M (W.D. Okla.).[2] Petitioner was sentenced to the custody of the Bureau of Prisons for a total of 168 months of imprisonment and a term of three years of supervised release. *Id.* Petitioner did not appeal her sentence or convictions, but in February 2009, Petitioner sought post-conviction relief under 28 U.S.C. § 2255; relief was denied on August 27, 2010. *Stevenson v. United States*, Case No. CIV-09-202-M. Petitioner did not appeal that decision.[3] *Id.*

## Analysis

A petition brought under 28 U.S.C. § 2241 typically "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.'" *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). A § 2255 motion is generally the exclusive remedy for a federal prisoner seeking to "attack[] the legality of detention, and must be filed in the district that imposed the sentence." *Bradshaw*, 86 F.3d at 166 (citations omitted).

In this case, Petitioner seeks to invoke the so-called "savings clause" of § 2255 to allow her to bring a § 2241 challenge to her conviction by demonstrating that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. Petition, pp. 1-2. *See* 28 U.S.C. § 2255(e); *see also Brace v. United States*, __F.3d__, 2011 WL

---

[2]In addition to the information provided by Petitioner pertaining to her criminal case, the undersigned has taken judicial notice of the pleadings and orders in Case No. CR-07-240-M.

[3]Petitioner asserts that she filed a second §2255 motion on August 27, 2010; however, there is no record of such motion having been filed in this court, nor does Petitioner provide any further information about such second § 2255 motion. Petition, p. 1.

915178 (10th Cir. March 15, 2011). Specifically, Petitioner claims the Supreme Court decisions in *Skilling v. United States*, __U.S.__, 130 S.Ct. 2896 (2010), *Black v. United States*, __ U.S. __, 130 S.Ct. 2963 (2010), and *Weyhrauch v. United States*, ___ U.S. __, 130 S.Ct. 2971 (2010) have rendered the conduct for which she was convicted and imprisoned non-criminal. Petition, p. 2. Petitioner asserts she is actually innocent of the offense and allowing her conviction to stand would result in a "complete miscarriage of justice." *Id.*, p. 3.

The proper respondent in a habeas challenge is the petitioner's custodian (or warden) at the facility where he or she is in custody on the date the petition is filed. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]he proper respondent to a habeas petition is the person who has custody over the petitioner.") (internal brackets and quotation marks omitted). *See also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be direct to the person having custody of the person detained."). The petition names "Warden Joe Keffer" as the sole respondent, and although Petitioner fails to further identify Keffer, the undersigned assumes Keffer is the warden of FMC-Carswell in Fort Worth, Texas, where Petitioner is presently confined. *See Thompson* v. *Keffer,* Case No. 10-CV622-Y, 2011 WL 336367 (N.D. Tex. Jan. 3, 2011) (recent case identifying Joe Keffer as the Warden of FMC Carswell). Because Petitioner's custodian resides in Texas, this Court lacks jurisdiction over her § 2241 habeas petition. *See Rumsfeld*, 542 U.S. at 443 ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of

confinement.").

Although jurisdictional defects that arise as a result of an action being filed in the wrong federal district may be remedied by transfer pursuant to 28 U.S.C. § 1631, such transfer is appropriate only "if it is in the interest of justice." 28 U.S.C. § 1631; *see Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) ("Although . . . § 1631 contain[s] the word 'shall,' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action . . . ."). Thus, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh*, 210 F.3d at 1150 (citation omitted). Here, Petitioner's claims are wholly without merit, and therefore a transfer to the United States District Court for the Northern District of Texas would not be in the interest of justice.

Relying on the Supreme Court's decision in *Skilling*, Petitioner alleges that she is "innocent of the conduct for which she stands incarcerated as a result of the interpretation of § 1346 and its relation to § 1341 et seq. by the Supreme Court." Petition, p. 3. In *Skilling,* the Supreme Court held that 28 U.S.C. § 1346 (the "honest services" fraud statute) criminalizes only bribery and kickback schemes, *i.e.*, fraudulently depriving another of one's honest services by accepting bribes or kickbacks. *Skilling*, 130 S.Ct. at 2933. However, Petitioner's conviction of fraud and related activity in connection with access devices, under 18 U.S.C. § 1029 (count two of the indictment) and three counts of aggravated identify theft, under 18 U.S.C. § 1028A(a)(1) (counts three, four, and five), did not involve allegations or

4

charges of honest-services-fraud under § 1346. *See United States v. Stevenson*, Case No. CR-07-240-M (W.D. Okla.) [Doc. No. 22, Indictment and Doc. No. 49, Judgment]. The undersigned notes that Petitioner admitted in support of her guilty plea that "[o]n June 28, 2007, using an unauthorized Sams Club credit card membership for J.S.. and M.M., I and another made purchases of over $1,000 in one year at Sams Club stores in Oklahoma City and Midwest City, Oklahoma." *Id.* [Doc. No. 38, Petition to Enter Plea of Guilty].[4] Given these circumstances, the Supreme Court's holding in *Skilling* has no relevance or application to Petitioner's convictions.

Thus, this "peek" at Petitioner's claims demonstrates that such claims clearly lack merit and should result in a dismissal without prejudice rather than a transfer to the district where Petitioner is confined.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice. Petitioner is advised of her right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 19th day of April, 2011. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore*

---

[4]Petitioner's allegation, Petition, p. 6, that the jury in her case was improperly instructed based on the Supreme Court's holding in *Skilling*, is puzzling at best, given that due to her guilty plea, there was no trial, and thus no jury or no jury instructions.

*v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter. The Clerk of the Court is instructed to send a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma on behalf of the Respondent.

Entered this 30th day of March, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE